IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAILGATE BEER, LLC, | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-00563 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| BOULEVARD BREWING COMPANY, | ) |
| DUVEL MOORTGAT USA, LTD. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is Boulevard Brewing Company ("Defendant Boulevard") and Duvel Moortgat USA, Ltd. ("Defendant Duvel," and together with Boulevard, "Defendants")'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. No. 15) and Motion for Evidentiary Hearing (Doc. No. 27). Plaintiff has responded in opposition to both motions (Doc. Nos. 21, 29). Defendants replied to the Plaintiff's opposition to the motion to dismiss (Doc Nos. 62), and Plaintiff filed a sur-reply (Doc. No. 70). For the reasons discussed below, the motion to dismiss will be granted in part and denied in part, the motion to dismiss for improper venue will be denied,[1] and the motion for an evidentiary hearing will be denied.

## FACTUAL BACKGROUND

This is a trademark and copyright infringement lawsuit based on Defendants' alleged unauthorized use of the TailGate Beer trademark in its stylized word (the "TailGate Mark"), its trademark in the original tailgate pickup truck image (the "Pickup Mark" and, together with the

---

[1] Although Plaintiff's motion is styled as a motion to dismiss for lack of personal jurisdiction and improper venue, the motion's substance appears to reflect, albeit not with ideal clarity, that it is actually a motion to dismiss for lack of personal jurisdiction and, in the alternative, to transfer venue to a more convenient forum.

1

TailGate Mark, the "Infringed Marks"), and its copyright in the Pickup Mark (the "Infringed Work"). (Doc. No. 1 ("Compl.") ¶ 1.) Plaintiff alleges that Defendant Boulevard is a Delaware corporation, registered to do business in Missouri, and authorized to distribute its beers and conduct business in Tennessee. (*Id.* ¶ 11.) Plaintiff alleges that Defendant Duvel is a foreign business corporation registered in Delaware. (*Id.* ¶ 12.)

## LEGAL STANDARD

Rule 12(b)(2) allows a defendant to file a motion to dismiss for lack of personal jurisdiction. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Where, as here, "a federal court's subject-matter jurisdiction is based on a federal question, the court's exercise of personal jurisdiction must be both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, has been interpreted to be "coterminous with the limits on personal jurisdiction imposed by the Due Process Clause of the United States Constitution, and thus, the jurisdictional limits of Tennessee law and of federal constitutional due process are identical." *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (internal quotation marks and citation omitted). Unlike for courts in some states, for a Tennessee court it is appropriate to collapse the two-part jurisdictional inquiry into one part, i.e., the due-process inquiry. *EdgeAQ, LLC v. WTS Paradigm, LLC*, No. 3:14-CV-2264, 2015 WL 3453758, at *3 (M.D. Tenn. May 29, 2015) (quoting *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012)).

Personal jurisdiction comes in two forms: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1780 (2017). General jurisdiction allows a

plaintiff to sue a defendant on all claims regardless of the connection between the claim and the forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For the Court to have general jurisdiction over a corporation, there must be continuous and systematic contacts such that a corporation is "essentially at home" in the forum state. *Daimler*, 571 U.S. at 138-39. With respect to a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction. *Id.* General jurisdiction may exist even where the forum state is neither the place of incorporation nor the principal place of business; however, these cases are "truly 'exceptional'" and must be based on more than just "sizeable" sales. *See id.* at 139; *Brown*, 814 F.3d at 627.

In contrast, specific jurisdiction must arise out of or relate to the defendant's contacts with the forum—principally an activity or occurrence that takes place in the forum state. *Bristol-Myers*, 137 S. Ct. at 1780. Under the constitutional due process analysis, for specific jurisdiction to exist: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)); *Intera*, 428 F.3d at 615.

Where, as here, the motion to dismiss for lack of personal jurisdiction is supported by affidavits, Plaintiff may not stand on its pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012). Plaintiff's burden is relatively slight. *Id.* The Court will not weigh

controverting assertions and will view the facts in a light most favorable to Plaintiff. *Id.*; *CompuServe*, 89 F.3d at 1262. "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe*, 89 F.3d at 1262.

**DISCUSSION**

I. **General Personal Jurisdiction**

A. **Defendant Boulevard**

As discussed above, for corporations, general jurisdiction is typically available only in a Defendant's place of incorporation and principal place of business. The parties do not appear to dispute that Boulevard is a Delaware corporation (Compl. ¶ 11) with its principal place of business in Missouri (Doc. No. 16-1 at 2). Therefore, for the Court to have general personal jurisdiction over Defendant, as discussed above, Plaintiff must set forth specific facts showing that Defendant's affiliations with Tennessee are so continuous and systematic as to render it essentially at home in Tennessee. *See Daimler AG*, 571 U.S. at 127. Plaintiff's assertions and evidence fail to meet its slight burden.

To support its assertion that the Court has general personal jurisdiction over Defendant Boulevard, Plaintiff discusses the following: (1) a May 4, 2017 posting on Defendant Boulevard's website stating that it would use four wholesalers to distribute its brands in various territories throughout Tennessee (Doc. No. 21-4 at 3); (2) an April 2, 2018 press release indicating that its beers will soon appear in greater Memphis and northwest Tennessee (Doc. No. 21-5 at 3); (3) Boulevard's website, which has a "beer finder" revealing continuous and systematic contacts throughout Tennessee (Doc. No. 21 at 21); and (4) the Tennessee Department of Revenue's website reflecting the registration of 26 Boulevard beers (*Id.* at 22). The Court finds these

"contacts" insufficient to make Defendant Boulevard essentially "at home" in Tennessee. For example, Plaintiff does not contend that Defendant's senior management decisions are made in Tennessee, that Defendant owns or operates facilities in Tennessee, or that Defendant has officers or employees in Tennessee.

Moreover, the mere existence of "continuous and systematic" contacts, which the Plaintiff consistently references, is no longer sufficient. In *Ramsey v. Greenbush Logistics, Inc.*, 263 F. Supp. 3d 672 (M.D. Tenn. 2017), Chief Judge Crenshaw aptly discusses the state of the law related to general jurisdiction post-*Daimler*:

> "[i]n recent years the Supreme Court has clarified and, it is fair to say, raised the bar for this type of jurisdiction." *Kipp v. Ski Enter. Corp. of Wisc, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (citation omitted). "Any additional candidates [beyond the principal place of business or state of incorporation] would have to meet the stringent criteria laid out in *Goodyear* and *Daimler*, which require more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Id.*; *see Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 626 (2d Cir. 2016) (concluding that, although plaintiff's arguments regarding general jurisdiction "might have sufficed under the more forgiving standard that prevailed in the past, [plaintiff's] contacts fail to clear the high bar set by *Daimler* to a state's exercise of general jurisdiction over a foreign corporation"); *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 237 (5th Cir. 2016) (citing *Goodyear* and *Daimler* for the proposition that "[s]cholars have viewed the Court's recent personal jurisdiction decisions as part of an access-restrictive trend").

*Id.* at 677. Accordingly, Plaintiff's assertions and evidence related to Defendant Boulevard's "continuous and systematic" activities do not allow the Court to exercise general personal jurisdiction over Defendant Boulevard.[2]

---

[2] Because the Court does not find Plaintiff's argument regarding continuous and systematic contacts persuasive based on the applicable case law, it declines to address Defendant Boulevard's additional factual arguments regarding the evidence Plaintiff presents and whether Defendant Boulevard sells any beer in Tennessee.

5

Plaintiff also argues that Defendant Boulevard is subject to general personal jurisdiction based on the contacts or presence of its agents in Tennessee. Even if the Court assumes that the presence of such agents in Tennessee could, under the case law, be enough to provide general jurisdiction, the Court finds Plaintiff's argument insufficient. Plaintiff discusses Boulevard's relationships with distributors. However, the Court cannot assume that these distributors are agents of Boulevard (rather than mere counterparties to distribution contracts with Boulevard), and Plaintiff presents no evidence that they are. Plaintiff, therefore, has failed to meet its relatively slight burden to set forth facts showing that the Court has general personal jurisdiction over Defendant Boulevard.

### B. Defendant Duvel

Plaintiff argues that the Court has general personal jurisdiction over Defendant Duvel based on an alter-ego theory. "The alter-ego theory provides for personal jurisdiction if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Indah v. United States Sec. and Exchg. Comm'n*, 661 F.3d 914, 921 (6th Cir. 2011) (internal quotation marks omitted). Plaintiff specifically argues that based on this theory, "Duvel is subject to jurisdiction in Tennessee to the same extent that Boulevard is subject to jurisdiction." (Doc. No. 21 at 24.) Without making a finding as to whether Defendant Duvel is the alter-ego of Defendant Boulevard, the Court follows Plaintiff's logic and finds that it does not have general personal jurisdiction over Defendant Duvel, because it does not have general personal jurisdiction over Defendant Boulevard.

## II. Specific Personal Jurisdiction

### A. Defendant Boulevard

To establish specific personal jurisdiction, Plaintiff must show that Defendant Boulevard satisfies the requirements of constitutional due process as set forth in *Mohasco*'s three-prong test discussed above. The Court discusses below whether Plaintiff has met its burden as to each prong.

#### 1. Purposeful Availment

Purposeful availment is present where the "defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum." *Means v. United States Conf. of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016). When a website is involved in the personal-jurisdiction analysis, the Sixth Circuit has used the sliding scale approach from *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Cadle Co. v. Schlichtmann, 123 F. App'x 675, 678 (6th Cir. 2005). The approach "distinguishes between interactive websites . . . and websites that are passive . . . Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction." *Id.*[3] As *Zippo* states, "At one end of the spectrum are situations where a defendant clearly does business over the Internet . . . At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions." *Id.*

---

[3] The Court believes that the suitability of the *Zippo* test should be revisited by the Sixth Circuit to determine whether it is outdated and should be revised given the rise of e-commerce. But of course the Court is bound to follow Sixth Circuit precedent and therefore will not reexamine the *Zippo* test on its own.

Plaintiff discusses several pieces of evidence that it argues satisfy the purposeful availment prong. The Court finds Defendant Boulevard's website and its characteristics to be the most persuasive. Plaintiff has a website that is on the interactive end of the spectrum—allowing Tennessee residents to purchase apparel, pub-ware, and other items through its online gift shop. (Doc. No. 16-1 ¶¶ 32-39.) Tennessee residents have in fact purchased items on the website. (*Id.* ¶¶ 34, 38.) *See Silent Events, Inc. v. Quiet Events, Inc.*, No. 3:16-CV-00716, 2016 WL 4466657, at *3 (M.D. Tenn. Aug. 24, 2016) ("[W]hen this Court has found specific jurisdiction based on the interactivity of a defendant's website, it has been because the website was not only capable of interactivity, but also had actually supported business in Tennessee."). Even though Defendant Boulevard's sales to Tennessee residents may be relatively small in number (especially when compared to its overall online sales volume), Defendant Boulevard has sold items to Tennessee residents and remains ready to do business with customers in Tennessee. *See Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002) ("Although it is unclear whether registrants who use Dotster's website do so on a repeated basis, the proffered evidence that Dotster regularly chooses to do business with Ohio residents is sufficient to constitute purposeful availment.") (citing *Zippo*, 952 F. Supp. at 1126-27).[4] The Court, therefore, finds that Plaintiff has met his *prima facie* showing on the first element of the *Mohasco* test. *See Word Music v. Priddis Music*, No. 3:07-0502, 2007

---

[4] Defendants argue that the purchase of the set of glasses "just happened to" contain one glass bearing the pickup truck mark and therefore there was no purchase from Boulevard's website that was specific to merchandise with the allegedly infringing mark. (Doc. No. 62 at 13.) Defendants so argue at least in part to counter what they deem a wrongful accusation by Plaintiff regarding Defendants' representation as to the nature of Boulevard's website. But to the extent that this is also intended as an argument on the merits, it fails to persuade the Court. Defendants provide no explanation as to relevance, to the substantive issues to be decided at this stage, of the purportedly happenstance nature of the purchase of the item with the allegedly infringing mark. Moreover, Defendants provide no evidence in support of the assertion that the purchase was not made to obtain the glass bearing the allegedly infringing mark, and the Court is required to view the evidence in the light most favorable to Plaintiff.

WL 3231835, at *7 (M.D. Tenn. Oct. 30, 2007) (finding purposeful availment based on the interactivity and accessibility of the website, and the fact that at least one forum state resident purchased and received the product from the website and was then further solicited by the defendant to order more product).[5]

### 2. Arising From

Defendant Boulevard argues that Plaintiff fails to satisfy the second requirement—that the causes of action arise from Defendant Boulevard's activities in the forum. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). This factor "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.'" *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting *Mohasco*, 401 F.2d at 384 n. 27); *see also Bird*, 289 F.3d at 875 (stating that a lenient standard applies when evaluating the "arising from" criterion).

The Court first notes that Plaintiff does not appear to base the second requirement of its *prima facie* showing of specific personal jurisdiction on Defendant Boulevard's sale of pale ale beer in Tennessee. *See* Doc. No. 21 at 14 ("The issue, however, is not about the sale of Pale Ale beer in Tennessee, but Defendants' use of the Infringing Pale Ale Image regardless of the product on which that image appears."). Rather, Plaintiff provides the following evidence and assertions to show satisfaction of this requirement: (1) Defendant Boulevard is in the business of selling

---

[5] Because the Court finds that Plaintiff has met its prima facie showing of purposeful availment on the aforementioned basis, it declines to address Plaintiff's argument about the *Calder* effects test. *See Calder v. Jones*, 465 U.S. 783 (1984).

products containing the infringing pale ale image; (2) Defendant Boulevard, by its own admissions, has sold products with the infringing pale ale image in Tennessee; (3) Defendant Boulevard "stands willing and ready to sell products" with the infringing pale ale image to residents of Tennessee; and (4) for sale on Boulevard's website are six products featuring the infringing pale ale image. (Doc. No. 16-1 ¶ 38; Doc. No. 21-6.)

Courts have held that such activity is sufficient to satisfy the "arising from" prong. *See, e.g.*, *Chanel, Inc. v. Huang Cong*, No. 10-2086, 2011 WL 6180029, at *4-5 (W.D. Tenn. Dec. 8, 2011) (holding that the "arising from" prong was met based on an interactive websites and sales of products with the infringing trademarks to Tennessee residents through those websites); *Word Music, LLC v. Priddis Music, Inc.*, No. 3:07CV0502, 2007 WL 3231835, at *9 (M.D. Tenn. Oct. 30, 2007) (holding that Plaintiffs' claims "arise from" Priddis Music's contacts with Tennessee because Plaintiffs' claims of copyright violation stem from Priddis Music's operation of its website); *First Tenn. Nat. Corp. v. Horizon Nat. Bank*, 225 F. Supp. 2d 816, 821 (W.D. Tenn. 2002) ("Horizon's contacts with Tennessee and First Tennessee's allegations stem in part from Horizon's operation of an interactive website that exhibits the alleged infringement. Therefore, the operative facts are at least marginally related to the alleged contacts between defendant and Tennessee. Accordingly, First Tennessee's claims arise from Horizon's contacts with Tennessee." (internal quotation marks, alteration, and citation omitted)).[6] Thus, in light of the lenient standard that applies, the Court finds that Plaintiff has satisfied its *prima facie* showing that Defendant

---

[6] Contrary to Defendants' assertion, the Court further notes that a single event or transaction in the forum state has been deemed sufficient to satisfy the "arising from" prong in some circumstances. *See Fruit of the Loom, Inc. v. En Garde, LLC*, No. 1:17-CV-00112GNSHBB, 2017 WL 3671322, at *6 (W.D. Ky. Aug. 25, 2017) ("Courts have repeatedly held that as little as a single transaction can establish purposeful availment, particularly in cases involving a non-resident seller and a resident buyer.") This is one of those circumstances.

Boulevard's contacts with Tennessee are related to the operative facts in this case such that the case "arises from" these contacts.

### 3. Substantial Enough Connection with the Forum State to Make the Exercise of Personal Jurisdiction Over Defendant Reasonable

If prongs one and two of the *Mohasco* test are satisfied, the Court can infer that the reasonableness prong is satisfied as well. *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005); *see also Susan McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 888 (W.D. Tenn. 2017) ("If the court finds the plaintiff has established the first two prongs of the specific jurisdiction inquiry, the burden shifts to the defendant to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985))). "The burden on the defendant to meet this prong is high and in general such findings are limited to rare situations 'where the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Susan McKnight*, 273 F. Supp. 3d at 888 (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994)). The following five factors that are relevant in determining the reasonableness of personal jurisdiction: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* (internal quotation marks and citation omitted).

The Court finds that Defendant Boulevard has failed to meet this high standard. Defendant Boulevard does not contest that the third factor weighs in Plaintiff's favor and states that the fifth factor is neutral. As to the first factor, Defendant Boulevard fails to adequately explain how

litigating this case in Tennessee would impose a burden on it. Defendant states that several witnesses in this case are domiciled outside the United States, which will cause substantial inconvenience. Yet, Defendant fails to explain why this inconvenience is unique to Tennessee; a similar inconvenience would appear to exist for many and perhaps most states within the United States. As to the second factor, Tennessee has an interest in protecting a company, such as Plaintiff, whose principal place of business is in Tennessee.[7] *See Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 555 (6th Cir. 2007) ("Michigan clearly has an interest in protecting a company whose principal place of business is located in Michigan."). Finally, as to the fourth factor, the Court has not been shown why a more efficient resolution of this controversy would occur outside Tennessee. The Court, therefore, finds that the third element of the *Mohasco* test is satisfied as to Defendant Boulevard. Accordingly, Defendant Boulevard's motion to dismiss for lack of personal jurisdiction will be denied.

### B. Defendant Duvel

Plaintiff argues that Defendant Duvel, as the parent of Defendant Boulevard, should also be subject to personal jurisdiction in Tennessee because Defendant Duvel is the alter-ego of Defendant Boulevard. "Sixth Circuit precedent is not entirely clear regarding how to apply the alter-ego theory of personal jurisdiction to federal claims." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 n.2 (6th Cir. 2017). The Sixth Circuit appears to consider several facts when determining if a subsidiary is merely an alter-ego of the parent company, including whether the following circumstances exist: (1) sharing the same employees and corporate officers; (2) engaging in the same business enterprise; (3) having the same address and phone lines; (4) using the same assets;

---

[7] This is not to say, the Court recognizes and takes to heart, that Tennessee has an interest in protecting a Tennessee company *inappropriately*, via the proverbial "home cooking," at the expense of an out-of-state party opponent.

12

(5) completing the same jobs; (6) not maintaining separate books, tax returns, and financial statements; and (7) exerting control over the daily affairs of another corporation. *Id.* at 849.

The Court notes that Plaintiff fails to point to evidence in the record that Defendant Duvel is the parent company of Defendant Boulevard. In fact, the record suggests the opposite. Defendant Boulevard's business entity disclosure statement states that Duvel Moortgat NV is the parent (and by all indications the *only* parent) of Defendant Boulevard . (Doc. No. 13.) Furthermore, even assuming *arguendo* that a parent-subsidiary relationship existed, the evidence Plaintiff provides does not come close to establishing that Defendant Duvel is the alter-ego of Defendant Boulevard under the previously discussed Sixth Circuit standard. The only facts Plaintiff discusses that would tend to support that Defendant Duvel is the alter-ego of Defendant Boulevard is that they share the same corporate officers and have the same principal place of business or corporate headquarters.[8] This is insufficient. *See Holbrook v. Mazda Motor Corp.*, No. CV 6:17-244-DCR, 2018 WL 1571905, at *9 (E.D. Ky. Mar. 30, 2018) ("Similarly, the plaintiffs' allegations in this case that entities with the Daciel Group share a corporate brand, research and development resources, two officers and directors, and are generally a part of a common enterprise, are insufficient to demonstrate that DC and DSS 'exert[ ] so much control' over DSSA 'that [they] do not exist as separate entities but are one and the same for purposes of jurisdiction.'"). Accordingly, the Court grants Defendant Duvel's motion to dismiss for lack of personal jurisdiction and dismisses the claims against Defendant Duvel without prejudice.[9]

### III. Jurisdictional Discovery and Evidentiary Hearing

---

[8] The Court notes that Defendants dispute that Defendant Duvel and Defendant Boulevard have the same headquarters and principal place of business. (*See* Doc. No. 62 at 10.)

[9] The Court declines to address Defendants' argument that most of the Keegan Declaration should be disregarded, because the Court does not rely on it herein.

Plaintiff has made a request (to which Defendants have not objected) that the Court order the parties to have additional discovery on the issue of personal jurisdiction.[10] However, the parties do not specifically explain what type of discovery they wish to obtain. They do not specify what documents or other materials that they suspect might be in other party's possession that would shed light on the issue of personal jurisdiction. A district court enjoys broad discretion in managing discovery. *See Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984). The Court will not allow the parties to conduct a fishing expedition into this issue, especially when the Court is presently capable of determining whether it can exercise of personal jurisdiction over Defendants based on the information (or lack thereof) currently before it. Accordingly, the Court will deny the parties request for additional jurisdictional discovery. *See Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing . . ." (internal quotation marks and citation omitted)).

The Court also denies Defendants' motion for an evidentiary hearing. "[I]f the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution, it may conduct a preliminary evidentiary hearing." *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). Although the Defendants state in a conclusory fashion that there are issues of credibility and disputed issues of fact, they fail to specifically point out credibility issues or genuine issues of fact that require resolution. Therefore, there is no basis for concluding that an evidentiary hearing would be fruitful, and the motion will be denied.

**IV.  Venue**

---

[10] The Court notes that Plaintiff requests jurisdictional discovery only to the extent the Court determines that the documents currently before it are not sufficient to determine the issue. (Doc. No. 29 at 3-4.)

14

Defendants argue that if the case is not dismissed for lack of subject matter jurisdiction, the court should transfer it to another district. The standard for transfer of venue to a more convenient forum is found in 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The onus of showing that a plaintiff's choice of forum is unnecessarily burdensome falls on the defendant." *Heffernan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 498 (6th Cir. 2016). Unless the balance is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009). A defendant must make a clear and convincing showing that the balance of convenience strongly favors the alternate forum. *See Doe v. United States*, No. 3:16-cv-0856, 2017 WL 4864850, at *2 (M.D. Tenn. Oct. 26, 2017) (citing *Flores v. United States*, 142 F. Supp. 3d 279, 287 (E.D.N.Y. 2015)).

In reviewing a motion to transfer, the court balances case-specific factors, including the private interests of the parties and public-interest concerns, such as systemic integrity and fairness. *See Reese*, 574 F.3d at 320. Private interests include the location of willing and unwilling witnesses, the residence of the parties, the location of sources of proof, the location of the events that gave rise to the dispute, systemic integrity and fairness, and the plaintiff's choice of forum. *Sacklow v. Saks Inc.*, No. 3:18-CV-00360, 2019 WL 1986763, at *3 (M.D. Tenn. May 6, 2019) (citing *Stewart v. American Eagle Airlines, Inc.*, No. 3-10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010)). Public interests include, *inter alia*, the enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, and familiarity of the trial judge with the applicable state law. *Smith*,

578 F. Supp. 2d at 962. A district court "has broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

To support their argument that the case should be transferred to the District of Delaware, Defendant assert only that the sole forum common to both Defendants is Delaware. Without more, Defendants have failed to meet their substantial burden to show that the Court should transfer this case to the District of Delaware. Accordingly, the motion to transfer the case to the District of Delaware will be denied.

V.     **Forum Non Conveniens**

Defendants argue that if (as in fact is the case here) the Court finds it has personal jurisdiction over one but not both Defendants, the Court should transfer the case (with its one remaining Defendant) to the District of Delaware under the doctrine of forum non conveniens. "Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum." *Rustal Trading US, Inc. v. Makki*, 17 F. App'x 331, 335 (6th Cir. 2001) (quotation marks omitted). When a plaintiff initiates a suit in his home forum, that choice is normally entitled great deference because it is presumptively convenient for the plaintiff. *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523-24 (6th Cir. 2010). "In general, the standard of deference for a plaintiff's choice of a home forum permits dismissal only when the defendant 'establishes such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.'" *Duha v. Agrium, Inc.*, 448 F.3d 867, 873-74 (6th Cir. 2006) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)) (alterations omitted). A district court's forum non conveniens

16

determination is reviewed under an abuse of discretion standard. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

Here, because Plaintiff has initiated suit in its home forum, the Court affords great deference to its choice. Defendants have not established that Plaintiff's chosen forum is unnecessarily burdensome based on public and private interests. Defendants also have not come close to establishing oppressiveness and vexation out of all proportion to Plaintiff's convenience. Defendants request that the Court transfer this case to the District of Delaware merely to avoid potential duplicative litigation and the potential inconsistent results from lawsuits pending in two forums (by which Defendants are apparently referring to the possibility of one case in this district against one Defendant and a potential separate case in Delaware against the other Defendant). Absent other factors, the possibility of a suit here against Boulevard and a suit in Delaware against Duvel does not meet the standard of "unnecessarily burdensome" contemplated by the doctrine of forum non conveniens. Accordingly, the Court will deny Defendants' motion to transfer the case to the District of Delaware under the doctrine of forum non conveniens.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. No. 15) will be **GRANTED IN PART** and **DENIED IN PART**. The motion will be **GRANTED** as to Defendant Duvel for lack of personal jurisdiction. Such a dismissal is not one based on the merits. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Therefore, the dismissal must be without prejudice. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 520 (6th Cir. 2006). Defendant Duvel, accordingly, will be **DISMISSED WITHOUT PREJUDICE**. The motion will be **DENIED** in all other respects. Defendant

17

Boulevard will remain in the case. The Court will also **DENY** Defendants' Motion for Evidentiary Hearing (Doc. No. 27).

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE